ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **CARLOS M. RODRÍGUEZ**<br><br>Recurrido<br><br>v.<br><br>**ACAIZ LLC**<br><br>Peticionario | TA2026CE00048 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2025CV06096**<br><br>Sobre:<br>Petición de Orden |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece ante nos Acaiz, LLC (Acaiz o parte peticionaria), mediante un auto de *certiorari*, y nos solicita que revoquemos una *Resolución* emitida el 10 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar una *Moción en cumplimiento de orden y solicitando desestimación de segunda demanda enmendada* presentada por la parte peticionaria.[2]

Por los fundamentos que expondremos a continuación, denegamos el auto de *certiorari.*

### I.

El presente caso tiene su génesis el 2 de julio de 2025 cuando el señor Carlos M. Rodríguez (Sr. Rodríguez o peticionario) presentó una *Demanda* contra la parte peticionaria, como titular del negocio Amor y Sal, en concepto de interdicto permanente, y al amparo del

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 30. Notificada y archivada en autos el 11 de diciembre de 2025.
[2] *Íd.*, Entrada Núm. 23.

Título III de la *Americans with Disabilities Act* del 1990 (Ley ADA), 42 U.S.C. secs. 12181 *et seq.*[3] Adujo que dependía por completo del uso de silla de ruedas como resultado de dos accidentes cerebrovasculares. En particular, alegó que, desde mayo del 2025, conocía de algunas barreras arquitectónicas existentes en el local Amor y Sal que limitaban su movilidad y dificultaban su acceso independiente al establecimiento. Por ello, expuso sentirse disuadido de visitar el establecimiento, empero mantenía la intención de acudir allí en los próximos meses motivado por su pasión por el mofongo y el churrasco.

Particularmente, el Sr. Rodríguez solicitó del foro primario un interdicto permanente para ordenar al negocio Amor y Sal a instalar una rampa accesible con el propósito de eliminar el desnivel en la entrada de dicho local; remover un tapete que no estaba adherido al suelo para reemplazarlo con una superficie continua; sustituir unas mesas con bases obstruidas por otras con un espacio adecuado para un acercamiento frontal; y modificar los mostradores para permitir una interacción independiente. Por último, suplicó del foro *a quo* la eliminación de las políticas y prácticas discriminatorias existentes en Amor y Sal, al igual que la imposición de honorarios de abogado, costas, y gastos de litigio.

Luego de múltiples trámites procesales, la parte peticionaria radicó una *Moción de desestimación e imposición de honorarios de abogado* el 23 de septiembre de 2025.[4] Expresó que el caso no era justiciable ni maduro, y el Sr. Rodríguez carecía de legitimación activa, por lo que solicitó del TPI la desestimación con perjuicio de la demanda. De igual modo, solicitó la imposición de una suma de al menos $10,000.00 en concepto de gastos, costas y honorarios de abogado.

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 9.

Por su parte, el 29 de septiembre de 2025, el Sr. Rodríguez presentó una *Moción en oposición a moción de desestimación.*[5] Planteó haber establecido su legitimación activa, conforme a la Ley ADA, *supra*, y mediante la explicación de cómo cada barrera afectaría su capacidad de acceder y disfrutar el establecimiento público Amor y Sal, ante su dependencia de la silla de ruedas. Asimismo, expuso que los tribunales federales habían reconocido que poseer conocimiento de este tipo barreras constituía un daño concreto y particularizado, y confería legitimación activa. Además, expresó el Sr. Rodríguez que las alegaciones de la demanda satisficieron plenamente el estándar de plausibilidad.

Posteriormente, el Sr. Rodríguez radicó una *Moción en cumplimiento de orden* el 2 de noviembre de 2025.[6] Por medio de esta, informó al TPI haber presentado dos demandas enmendadas. En particular, adujo que la segunda demanda enmendada contenía imágenes de los supuestos obstáculos arquitectónicos, alegaciones relacionadas al baño del establecimiento que no fueron incorporadas en la demanda original, al igual que correcciones sustanciales y ortográficas.[7] Por último, solicitó remedios adicionales a los suplicados en la demanda original incluyendo un interdicto permanente para ordenar la capacitación del personal con relación a los requisitos de la Ley ADA, *supra*.

Posteriormente, el 12 de noviembre de 2025, la parte peticionaria presentó una *Moción en cumplimiento de orden y solicitando desestimación de segunda demanda enmendada* por abuso de derecho y/o del proceso; incumplimiento con la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1; dejar de exponer una

---

[5] *Íd.*, Entrada Núm. 11.
[6] *Íd.*, Entrada Núm. 19.
[7] *Íd.*, Entrada Núm. 18; véase además, *Íd.*, Entrada Núm. 15.

reclamación que justificara la concesión de un remedio; y por falta de legitimación activa y parte indispensable.[8]

Por su parte, el Sr. Rodríguez radicó una *Oposición a moción en cumplimiento de orden y solicitando desestimación de segunda demanda enmendada* el 19 de noviembre de 2025 donde reiteró su solicitud para la remoción de las barreras arquitectónicas de Amor y Sal.[9]

El 10 de diciembre de 2025, el foro primario emitió una *Resolución* en la que denegó la solicitud de la parte peticionaria para desestimar la segunda demanda enmendada.[10] En síntesis, resolvió que, el Sr. Rodríguez ostentaba legitimación activa y, de probarse en su día las alegaciones bien aseveradas, tendría derecho a algún remedio bajo la Ley ADA, *supra.*

Inconforme, la parte peticionaria presentó una *Moción urgente en solicitud de reconsideración* el 11 de diciembre de 2025,[11] a la que se opuso el Sr. Rodríguez al día siguiente.[12]

Sin embargo, el TPI declaró No Ha Lugar la petición de reconsideración de la parte peticionaria.[13]

Insatisfecha, la parte peticionaria radicó ante nos un auto de *certiorari* el 12 de enero de 2026 donde señaló al TPI por la comisión del siguiente error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR EL PLIETO DE EPÍGRAFE E IMPONER HONORARIOS POR TEMERIDAD EN CONFORMIDAD CON LO RESU[EL]TO EN *BETANCOURT COLÓN V. TIVOLI FOODS & SPORT INC, KLAN202301095 (2024).***

A pesar de brindarle la oportunidad para comparecer, el Sr. Rodríguez no presentó su posición con relación al auto de *certiorari*

---

[8] *Íd.*, Entrada Núm. 23.
[9] *Íd.*, Entrada Núm. 25.
[10] *Íd.*, Entrada Núm. 30. Notificada y archivada en autos el 11 de diciembre de 2025.
[11] *Íd.*, Entrada Núm. 32.
[12] *Íd.*, Entrada Núm. 33.
[13] *Íd.*, Entrada Núm. 34. Notificada y archivada el 12 de diciembre de 2025.

de epígrafe. En su consecuencia, procedemos a resolver sin el beneficio de su comparecencia, según advertido mediante nuestra resolución emitida el 13 de enero de 2026.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 391, 403 (2021). La característica distintiva del auto de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (énfasis en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, [la] *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *IG Builders v. BBVAPR*, *supra*, pág. 338 (citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)) (énfasis en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

**III.**

En el caso de marras, la parte peticionaria expuso que el foro primario incidió al no desestimar el pleito de epígrafe e imponer honorarios de abogado por temeridad contra del Sr. Rodríguez, a la luz del caso *Betancourt Colón v. Tivoli Foods & Sport, Inc.*, KLAN202301095, resuelto por un Panel hermano de esta Curia.

Según la *Resolución* recurrida, el TPI denegó la solicitud de la parte peticionaria para desestimar la segunda demanda enmendada, ya que, de probarse las alegaciones bien aseveradas, el Sr. Rodríguez tendría derecho a algún remedio bajo la Ley ADA,

*supra.* De igual modo, resolvió que, tomando como ciertos los hechos bien alegados, el Sr. Rodríguez estableció poseer legitimación activa, al argüir que él tenía discapacidad conforme al estatuto federal y fue discriminado al verse afectado por las barreras arquitectónicas localizadas en el establecimiento público de Amor y Sal, operado por la parte peticionaria.

Luego de evaluar sosegadamente lo planteado por el Sr. Rodríguez, al igual que el expediente del pleito de marras, no se desprende falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto <u>en esta etapa de los procedimientos</u>. Ante la ausencia de razón que mueva nuestro criterio discrecional de expedir el auto de *certiorari,* conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo.*

**IV.**

Por las razones discutidas anteriormente, resolvemos denegar el auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones